### STATE EX REL. VILLAGE OF SOUTH·BROOKLYN V. CRAIG, AUDITOR.

1. MUNICIPAL TAX ON TERRITORY ANNEXED TO VILLAGE.

When the boundaries of a municipal corporation are extended prior to the first Monday in June, no special provision is necessary to authorize the levy of the municipal tax upon the annexed property. Therefore, where territory became part of a village corporation on April 24, 1900, and on April 27, 1900, the levy for the township was certified to the auditor of the county, and on May 15, 1900, the municipal levy for the village corporation was certified to the county auditor, it became the duty of said auditor to enter upon the property of the annexed territory the municipal instead of the township levy; and, having failed to do so, he may be required to make such entry by writ of mandamus.

2. ORDINANCE ACCEPTING, COMPLETES ANNEXATION.

Upon the passage and legal publication of an ordinance accepting an application for the annexation of territory, such territory at once becomes part of the corporation. The fact that the transcript, map and other papers were not filed for record until a later date does not affect the question.

3. VILLAGE CORPORATION MAY SUE AS RELATOR.

A village corporation is a proper party, as relator, in an action for a writ of mandamus to compel the county auditor to enter a municipal tax upon property of territory annexed to the village.

APPEAL.

*Smith & Langin*, counsel for relator.

*P. H. Kaiser* and *F. L. Taft*, counsel for defendant.

HALE, J.

First. We hold the relator to be a person on whose relation the action can be instituted.

Second. On the fact stated by counsel for the auditor in his brief, conceded to be correct, it is clear that the territory upon the residents of which the auditor is asked to enter this tax, became a part of the village of South Brooklyn on April 24, 1900. The fact that the transcript, map, and other papers were not filed for record until a later date, does not affect the question. On the passage and legal publication of the ordinance accepting the application, this territory became a part of the village of South Brooklyn and was included within its boundaries. (Sec. 1597, Rev. Stat.)

Under sec. 2691, Rev. Stat., the council of a municipal corporation are required to determine and certify to the auditor of the county the percentage by it levied on the real and personal property in the corporation, on or before the first Monday of June annually. Taxes levied on real property become a lien thereon on the day preceding the second Monday of April. (Sec. 2838, Rev. Stat.)

The listing of all personal property for taxation is required to be made between the second Monday of April and the third Monday of May of each year. (Sec. 2747, Rev. Stat.) It is required to be listed by the

State ex rel. v. Craig.

person who was the owner of the same, on the day preceding the second Monday of April.

It will be seen, then, that the listing of property for taxation, and the assessment of the taxes thereon, are not transactions of a single day. Many steps have to be taken, ending with the certificate of the levy by the municipal authorities to the county auditor on or before the first Monday of June of each year. Before that date the auditor is not called upon to perform any official act.

In this case, as we have stated, the territory in question became a part of the village of South Brooklyn on April 24, 1900. On April 27, of the same year, the levy for Brooklyn township was certified to the auditor of the county by the trustees of the township. This was required to be done on or before the fifteenth day of May annually. (Sec. 2827, Rev. Stat.)

On May 15, 1900, the levy for South Brooklyn village was certified to the auditor of the county. This was required to be done on or before the first Monday of June annually. (Sec. 2691, Rev. Stat.)

The question, then is: should the auditor have entered the levy certified by the trustees of the township or the clerk of South Brooklyn village, on the property of this territory annexed to the village?

At this time the annexed territory was included within the boundaries of the municipal corporation, and had been so included since April 24, 1900; and we are of the opinion that it was the duty of the auditor to have recognized that fact, and to have entered the levy certified by the municipal authorities upon all the property within the municipality, as it then was.

By sec. 2691, Rev. Stat., provision is made for the assessment of a tax in the discretion of the council, upon the property annexed to the corporation subsequent to the first Monday of June. No special provision is made for the levy of a tax upon property of territory annexed to the corporation between the second Monday of April and the first Monday of June.

It would seem, therefore, that when the boundaries of a municipal corporation are extended prior to the first Monday of June, no special provision is necessary to authorize the levy of the municipal tax upon the annexed property. If it were otherwise, no levy by the municipality could be made on property brought within the corporation between the second Monday of April and the first Monday of June; whereas a levy might be made on property of the territory annexed subsequent to the first Monday of June of the current year.

We are of the opinion that the levy certified by the municipality should have been entered upon the property of the annexed territory, instead of the levy certified by the trustees of the township.

Peremptory writ allowed.